UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEVEN D. COLLYMORE aka "Shelby",
Plaintiff,

v.

COMMONWEALTH OF MASSACHUSETTS, et al.,
Defendants.

Civil No. 26-12739-LTS

MEMORANDUM AND ORDER

October 28, 2026

SOROKIN, J.

For the reasons set forth below, the Court allows plaintiff's motion for leave to proceed *in forma pauperis*, assesses an obligation to make payments towards the filing fee pursuant to 28 U.S.C. §§ 1915(b)(1), (2), denies the motion to appoint counsel, and advises plaintiff that the complaint is subject to dismissal. Unless plaintiff shows good cause in writing why this action should not be dismissed, or files an amended complaint, this action will be dismissed for the reasons stated below.

## I. BACKGROUND

Plaintiff Steven D. Collymore[1], proceeding *pro se*, filed a complaint using the preprinted Pro Se 1 form to which she attached a two-page, handwritten complaint. Doc. No. 1.[2] Plaintiff provides a mailing address in Mattapan, Massachusetts mailing, id. at ¶ I(A), and states that she is a detainee at the South Bay House of Correction. Id. at 6. The form complaint identifies as

[1] Because plaintiff, who refers to herself as Shelby, states that she is a transwoman, *see* Doc. No. 1 at 6, the Court will use female pronouns when referring to plaintiff.

[2] Citations to items appearing on the Court's electronic docket ("Doc. No. ___") reference the document number assigned by CM/ECF.

defendants "Corrections Officer A. Matthews" and the "Commonwealth of Massachusetts (in its entirety)." Id. at ¶ I(B). The section of the form complaint concerning the basis for jurisdiction is blank, id. at ¶ II (basis for jurisdiction), and the section for the statement of claim refers to the handwritten complaint. Id. at ¶ III ("refer to complaint).

Collymore states that she has an "incident to report to the courts [ - ] Jurisdiction ?? (PRO SE)" that occurred on April 22, 2026, while Collymore was detained at the Nashua Street Jail. Id. at 6. Collymore alleges that on April 22, 2026, she was sitting in a chair speaking on the telephone with her attorney when defendant Matthews demanded that Collymore give him the chair that Collymore was sitting on. Id. at 6. Collymore states that she "immediately complied and gave the officer the chair respectfully as he requested." Id. Collymore explains the "fact that it is totally up to the unit officer's discretion whether or not to allow the detainees to sit in chairs during recreation while using the telephones" and that "[t]his Corrections Officer is known for his blatant abrasiveness." Id. Collymore alleges that after the chair was in the officer's possession, the officer "mouthed loud enough for [Collymore] to hear [an insult] which unbeknownst to the officer [Collymore understands the insult to mean] '[expletive] Faggot' in Creole." Id. at 7. Collymore contends that "[t]his form of sexual harassment and blatant disrespect has become all to[o] common and its totally unacceptable." Id. For relief, Collymore seeks "monetary compensation to the amount of $250,000 punitive damages], and for the court "to consider removing this corrections officer from further duty in any capacity as to set an example this type of harassment simply won't be tolerated at all!" Id.

With the complaint, plaintiff filed motions for leave to proceed *in forma pauperis* and to appoint counsel. Doc. Nos. 2, 3. On June 16, 2026, Collymore's motion for leave to proceed *in forma pauperis* was denied without prejudice because she failed to submit an institutional account statement. Doc. No. 5. On June 29, 2026, Collymore filed a new motion for leave to

proceed *in forma pauperis* with a prisoner trust fund account statement. Doc. Nos. 7, 8. On July 2, 206, he filed a second prisoner trust fund account statement. Doc. No. 9.

## II. LEAVE TO PROCEED IN FORMA PAUPERIS

Upon review of Collymore's motion for leave to proceed *in forma pauperis*, Doc. No. 7, the Court finds that she is without income or assets to pay the filing fee and allows the motion. Because Collymore is a prisoner-plaintiff, the Court must review her "trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint . . ." so that the Court may determine the initial partial filing fee and subsequent monthly payments required for the filing fee as required under the Prison Litigation Reform Act. 28 U.S.C. § 1915(a)(2), (b). For Collymore, the relevant 6-month period is December 2025, through May 2026. The prison account statements filed by Collymore cover the period from February 12, 2026 to June 24, 2026, see Doc. Nos. 8, 9), thus including complete information for only three of the months (March, April and May 2026) in the six months preceding the filing of the action.

Accordingly, the Court will calculate Collymore's filing fee obligation based upon the information provided for March, April and May 2026. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $25.64. The remainder of the fee, $324.36, shall be paid in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send the standard Notice to Prison form to the treasurer's office at the institution having custody of Collymore.

## III. SCREENING OF THE COMPLAINT

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are also subject to screening. Both § 1915 and § 1915A authorize

federal courts to dismiss a complaint sua sponte if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

When examining the sufficiency of the pleadings, the Court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff's complaint need not provide an exhaustive factual account, only a short and plain statement. Fed. R. Civ. P. 8(a). However, the allegations must be sufficient to identify the manner by which the defendant subjected the plaintiff to harm and the harm alleged must be one for which the law affords a remedy. Iqbal, 556 U.S. at 678.

In conducting this review, the Court liberally construes plaintiff's complaint because she is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Even under a broad reading, however, the complaint is subject to dismissal for the reasons set forth below.

## IV. DISCUSSION

Collymore's contention that she was subjected to sexual harassment suggests that she may seek to assert a claim under the federal civil rights statute, 42 U.S.C. § 1983. "To plead a plausible § 1983 claim, the plaintiff must allege that the defendant acted under color of state law and that the defendant's conduct violated a protected right." Pike v. Budd, 133 F.4th 74, 83 (1st Cir. 2025).

In general, nonphysical abuse or harassment does not invoke constitutional protection. See Picard v. O'Mara, No. 09–cv–259–PB, 2009 WL 4951855 at *6 (D.N.H. 2009) (dismissing § 1983 claim based on correctional officers' derogatory, discriminatory, and vulgar name-calling

and taunting about prisoner's sexual preference) (citing Shabazz v. Cole, 69 F.Supp.2d 177, 198–201 (D. Mass1999) (citing authority to explain that racial slurs and verbal threats do not violate a prisoner's constitutional rights)). As to defendant Matthew's alleged use of a slur, "[s]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) ("The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution.") (citations omitted).

Because plaintiff has not alleged facts from which the Court can reasonably conclude that defendant Matthews violated plaintiff's constitutional rights, the complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b).

## V. SHOW CAUSE OR FILE AN AMENDED COMPLAINT

Although it seems unlikely that the filing of an amended complaint can remedy the deficiencies of the original complaint, the Court will provide plaintiff with an opportunity to show cause why her claims against the defendants should not be dismissed or file an amended complaint that clearly identifies the legal claims and relief sought and provides a sufficient factual basis for each of the elements of the claims that she asserts. Any amended complaint shall: (1) provide a jurisdictional basis for the claims in accordance with Rule 8(a)(1) of the Federal Rules of Civil Procedure; (2) include a demand for judgment for the relief sought as required by Rule 8(a)(3) of the Federal Rules of Civil Procedure; and (3) fully describe the incidents as well as each defendants conduct. The case caption of any amended complaint must clearly name each party she intends to sue. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

The filing of an amended complaint completely replaces the original complaint. Brait Builders Corp. v. Mass., Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st Cir. 2011). Thus, any

facts or claims that plaintiff wishes to maintain from the original complaint must be included in the amended complaint. If an amended complaint is filed, it will be further screened.

## VI. CONCLUSION

Accordingly, it is hereby ORDERED that

1. The motion for leave to proceed *in forma pauperis* (Doc. No. 7) is ALLOWED. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $25.64. The remainder of the fee, $324.36, shall be paid in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send the standard Notice to Prison form to the treasurer's office at the institution having custody of Collymore.

2. The motion to appoint counsel (Doc. No. 3) is DENIED.

3. This action will be dismissed unless plaintiff shows good cause in writing why this action should not be dismissed for the reasons stated above, or files an amended complaint. Failure to comply with this directive within thirty-five (35) days of the date of this Memorandum and Order will result in dismissal of this action.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge